## Kendall v. Commonwealth.

(Decided January 18, 1924.)

### Appeal from Meade Circuit Court.

1. Intoxicating Liquors—Warrant in Usual Form Sufficient.—A warrant in the usual form, accusing one of the offense of unlawfully having in his possession spirituous, moonshine or intoxicating liquors in a certain county, held sufficient; the same standards of pleadings not being applied to warrants as to indictments, the former being more liberal than the latter.

2. Intoxicating Liquors—Immaterial that Affidavit Supporting Search Warrant was Not Indorsed Filed.—Under statutes requiring an affidavit for search warrant to be filed with the officer who issues the search warrant, an affidavit was sufficiently filed where lodged with the county judge at the time he issued the warrant, though there was no actual indorsement upon it showing the filing.

3. Criminal Law—Evidence Obtained by Private Person Unlawfully Admissible.—Though a public officer charged with the enforcement of prohibition may not as a witness give evidence against a defendant which was obtained by unlawful means, as by trespassing upon the premises of the accused or entrapping him, such a rule does not extend to evidence given by private person.

4. Criminal Law—Evidence of County Judge Concerning Filing of Affidavit Admissible.—In a prosecution for unlawful possession of intoxicating liquors, county judge was properly permitted to testify concerning the taking of affidavit which was not indorsed filed; the affidavit being with record and for all intents and purposes a part thereof.

5. Criminal Law—Overruling Motion for Directed Verdict Proper when Evidence Sufficient.—The evidence being sufficient to sustain a conviction, court properly overruled defendant's motion for directed verdict in his favor.

6.   Intoxicating Liquors—Evidence as to Copper Kettle and Funnels
     Admissible.—In a prosecution for unlawful possession of intox-
     icating liquors, there was no error in the admission of evidence
     concerning a copper wash boiler and wooden blocks used as
     funnels, it being shown that such blocks were commonly employed
     about distilleries and that a copper kettle was often used in boil-
     ing mash, and the one in question having mash sticking to the
     inside thereof.

DUDLEY C. JONES for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This prosecution against appellant Kendall for un-
lawfully possessing intoxicating liquors was had upon
a warrant issued by the judge of the Meade quarterly
court. After conviction in that court Kendall prosecuted
the appeal to the circuit court, where he was again con-
victed and his punishment fixed at a fine of $100.00
and thirty days in jail. Judgment being entered thereon
in accordance with the verdict he appeals to this court.

As grounds for a reversal he insists:

(1)   That his demurrer to the warrant should have
been sustained because it did not negative the excep-
tions in the statute allowing liquors to be possessed for
sacramental, scientific mechanical and medicinal pur-
poses;

(2)   The court erred in overruling appellant's ob-
jection to the introduction of evidence offered by the
Commonwealth, and especially that evidence given by the
witness, Uloth, who spied upon his premises, and testi-
fied to having seen appellant at night time operating a
still in his kitchen.

(3)   Because the court overruled appellant's ob-
jection to the testimony of Judge Baskett and declined
to exclude it from the consideration of the jury.

(4)   Because the court declined to exclude all the
evidence offered by the Commonwealth because ob-
tained in an unlawful manner.

(5)   Because the court overruled appellant's mo-
tion for a directed verdict in his favor.

(6)   Because the court erred in its instruction to the
jury.

(7) Because the court allowed evidence of such articles as a copper washboiler, wooden blocks, etc., to go to the jury.

1. The warrant is in the usual form and accuses appellant Kendall of the offense of unlawfully having in his possession spirituous, moonshine or intoxicating liquors, in the county of Meade. While it does not in all respects conform to the rules of good pleading, it was entirely sufficient to apprise appellant of the nature of the offense charged against him. We have several times held that the same standards of pleadings are not to be applied to a warrant as to indictments, the former being more liberal than the latter.

2. The second ground of complaint is based upon the failure of the county judge to endorse as filed the affidavit upon which the search warrant was issued. The statutes under which this prosecution was had required the affidavit to be filed with the officer who issues the search warrant. There was no actual endorsement showing the filing of the affidavit in this case, but the witness appeared before the county judge and made and swore to the affidavit, which affidavit was lodged with the county judge at the time of the issual of the warrant, and later placed with the record in this prosecution. While it was not literally filed its lodgment with the officer issuing the warrant was a substantial compliance, and amounts to a filing for that purpose, and when the county judge in reliance upon the statements in the affidavit, which was then before him, issued a search warrant, he was acting clearly within the statutory provisions upon the subject and had probable cause for so doing.

> "Originally the filing of a paper consisted in having the proper officer put it upon a string—filum—upon which the other papers in the proceeding were placed. In modern times it is usually held that a paper so filed on behalf of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof, and paid the fees for filing, if any are required." Com. v. O'Bryan, Utley & Co., 153 Ky. 406; 155 S. W. 1126.

In the case of Day & Congleton Lumber Co. v. Stadler & Co. 139 Ky. 587, we said: "Civil Code, section 669, requires that the clerk shall endorse on every paper

filed in an action the day of filing it. But a paper is filed by lodging it with the clerk. His endorsement is evidence only of the fact and time of filing.''

It is also insisted by appellant that the evidence of Uloth obtained by spying upon the premises of appellant was inadmissible. In this appellant is in error. Uloth was not a public officer or peace officer. He was merely a private citizen so far as the record shows. It may further be said that the efforts he made to entrap appellant in the manufacture of whiskey were upon his own account. While we have held in a number of cases that a public officer charged with the enforcement of the prohibition laws may not as a witness give evidence against a defendant which was obtained by unlawful means, as by trespassing upon the premises of the accused, we have never extended this rule to evidence given by private citizens. The testimony of Uloth was competent against appellant although it would not have been had he acted in an official capacity.

Appellant further insists that while the witness Uloth was not a public officer he was co-operating with the sheriff at the time he obtained the evidence on which he swore out the search warrant and later testified on the trial of appellant. It may be that Uloth was acting in conjunction with the officers at the time he went upon the premises of appellant and began to search for a moonshine still. However that may be, it is certain he was not a deputy sheriff or a member of a *posse*. His co-operation extended no further than an attempt upon his own part to entrap appellant in the business of manufacturing or possessing liquors. He went on the premises alone and remained there at night alone. Whatever one may think of his conduct in spying upon the premises of another, he was not disqualified as a witness by such act. The case of Mattingly v. Commonwealth, 197 Ky. 583, upon which appellant relies, does not announce a contrary rule, for in that case the trespassers were public officials engaged in attempting to enforce the prohibition laws.

3. The third contention of appellant is that the evidence given by Judge Baskett should have been excluded because not supported by the records. Judge Baskett testified concerning the taking of the affidavit which was not endorsed filed. The affidavit was with the record and was for all intents and purposes a part thereof, and its lodgment, as we have already observed,

was a reasonable compliance with the requirements of the prohibition laws regulating the filing of affidavits and the issual of the search warrant.

4. As the affidavit upon which the search warrant was issued was in all respects sufficient and was filed within the meaning of the statutes, the evidence given by the officers in behalf of the Commonwealth was not incompetent, and the court did not err in overruling the appellant's motion to exclude such evidence.

5. The evidence being sufficient to sustain a conviction the court properly overruled appellant's motion for a directed verdict in his favor.

6. The instructions presented the law of the case in a very direct and concise manner. Appellant's principal defense was that he had obtained the liquor previous to the taking effect of the Volstead act, on July 1, 1920, and that which was found on his premises was but the remainder of a large purchase which he had made in those early days. This issue was clearly and directly submitted by the court to the jury by its instructions.

7. There was no error in the admission of evidence offered by the Commonwealth concerning the copper wash boiler and the wooden blocks used as funnels, for it is shown that such blocks were commonly employed about distilleries, and that a copper kettle, such as the one in question, was often used in boiling mash, and this one appeared to have mash sticking to the inside thereof.

Finding no error to the substantial prejudice of appellant, the judgment is affirmed

Judgment affirmed.