H. E. DAMERON v. THE STATE.

No. 8120.    Decided March 26, 1924.

Rehearing denied April 16, 1924.

1.—Selling Intoxicating Liquor—Sufficiency of the Evidence—Requested Charge.

There was no error in refusing appellant's motion for an instructed verdict in his favor, as the evidence is sufficient to support the conviction.

2.—Same—Evidence—Sale—Manufacturing—Other Transactions.

Upon trial of selling intoxicating liquor there is no reversible error in the admission of testimony of the finding of certain barrels of mash, a still, and a quantity of whisky, on the premises occupied by appellant and another person, some little time before the date of the alleged sale.

3.—Same—Purchaser—Accomplice.

The question of the insufficiency of the evidence based on the proposition that the purchasers of the liquor in question are asserted to be accomplices, is directly in the face of the statute, and the contention is not sound. Neither is the contention that because they transported it from the place where the same was purchased, that thereby they became accomplices.

4.—Same—Bill of Exceptions—Practice on Appeal.

The last bill of exceptions in the record is in question and answer form and therefore, cannot be considered on appeal.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Price & Miller,* for appellant.—Cited: Davis v. State, 246 S. W. Rep., 395; Venn v. State, 232 id., 822.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hill County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

There was no error in refusing appellant's motion for an instructed verdict in his favor. Complaint is made of the admisssion of the testimony of the finding of certain barrels of mash, a still, and a quantity of whisky, on the premises occupied by appellant and another person, some little time before the date of the alleged sale. We think it permissible as shedding light upon the probable fact of a sale by the accused to show him engaged in the manufacture of liquor prior to the date of the alleged sale and within a reasonable time before. One engaged in the manufacture of liquor would seem to do so either for personal use or for profit. Appellant denied making the sale testified to by the two young men who say they bought it from him, and also denied any connection with the mash, keg, still, etc., found on the premises. We think the testimony of the finding of the materials and apparatus used in manufacturing liquor admissible to shed light on the fact of the sale under the circumstances shown in this record. The bill of exceptions complaining of the refusal of appellant's motion to exclude the evidence with regard to the finding of the paraphernalia mentioned would be held insufficient in that it does not set out the facts from which this court might infer or be shown the error complained of.

The question of the insufficience of the evidence based on the proposition that the purchasers of the liquor in question are asserted to be accomplices, is directly in the face of the statute, and the contention is not sound. Neither is the proposition that because they transported from the place where same was purchased, the liquor in question, that they thereby became accomplices. The statute expressly excludes from the character of accomplice witnesses the transporter as well as the purchasers of intoxicating liquor.

The last bill of exceptions in the record is in question and answer form and under the uniform holding of this court as well as the terms of our statute, Art. 846 C. C. P., cannot be considered by us because of such fact.

The evidence for the State is plain and sufficiently establishes the fact of the sale in question.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied April 16, 1924. Reporter.]