[Crim. No. 792.    Third Appellate District.—September 13, 1924.]

## THE PEOPLE, Respondent, v. H. A. MALONE, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUORS—UNLAWFUL SALE—NAME OF PURCHASER—PLEADING—INDICTMENT.—An allegation stating the name of the purchaser of intoxicating liquor is not necessary in an indictment charging the unlawful sale of intoxicating liquor.

[2] ID.—ERROR IN ALLOWING CHALLENGE—WHEN NOT PREJUDICIAL.— Any error in allowing a challenge in a criminal case is without prejudice where it appears that a fair and impartial jury was obtained.

[3] ID. — REMARKS AND QUESTIONS OF TRIAL JUDGE — EFFECT UPON JURY—INSTRUCTIONS—EVIDENCE.—In a prosecution for the unlawful sale of intoxicating liquor, while the jurors may have inferred from certain questions and remarks of the trial judge that their verdicts in criminal cases are to be subjected to the scrutiny and criticism of the trial judge when they are called to act as jurors in other cases, in view of an instruction by the court that the jury should not consider any statement of the court, or any interrogation of any juror by the court, as evidence or for any other purpose, and the fact that the direct evidence of the unlawful sale by defendant is wholly uncontradicted, the action of the trial judge in asking the questions and making the remarks complained of did not result in a miscarriage of justice.

[4] ID. — EVIDENCE — ADMISSION OF LIQUOR. — In such prosecution, where the sale of the liquor and the conversation relative thereto between the purchaser and the defendant were proved without objection, the admission of such liquor in evidence could not have influenced the jury in arriving at a verdict.

[5] ID. — EVIDENCE — UNLAWFUL POSSESSION OF LIQUOR — ORDER OF PROOF—DISCRETION.—In such prosecution, proof of the unlawful possession of intoxicating liquor by defendant three days after

---

1. Whether indictment or information for unlawful sale of intoxicating liquor must state name of person to whom sale is made, notes, 4 Ann. Cas. 98; 13 Ann. Cas. 128; 23 L. R. A. (N. S.) 581. See, also, 14 Cal. Jur. 743; 15 R. C. L. 387.

Right of one charged with unlawful sale to be informed before trial of name or identity of purchaser, note, 5 A. L. R. 409.

2. See 8 Cal. Jur. 608; 16 R. C. L. 248, 288.

3. See 8 Cal. Jur. 611; 26 R. C. L. 1026.

4. See 14 Cal. Jur. 748; 2 Cal. Jur. 1020; 8 Cal. Jur. 615; 2 R. C. L. 250.

5. See 8 Cal. Jur. 231; 26 R. C. L. 1036.

the unlawful sale of which defendant was convicted was admissible in support of the charge of such unlawful sale, as corroboration of other evidence as to the fact' of such sale; and where such proof of unlawful possession was brought out on the cross-examination of defendant's witness, to which proof defendant objected as not proper cross-examination, the objection goes to the order of proof rather than to the admissibility of the testimony and the order of proof is very largely in the discretion of the trial court.

(1) 33 **C. J.**, p. 724, sec. 441.   (2) 17 **C. J.**, p. 292, sec. 3632. (3) 17 **C. J.**, p. 295, sec. 3637.   (4) 17 **C. J.**, p. 321, sec. 3664. (5) 16 **C. J.**, p. 864, sec. 2179; 33 **C. J.**, p. 752, sec. 492.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clifford A. Russell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondents.

FINCH, P. J.—The defendant was convicted of the unlawful sale of intoxicating liquor. He prosecutes this appeal from the judgment of conviction and the order denying his motion for a new trial.

[1]   The indictment does not state the name of the alleged purchaser, but the evidence shows to whom the sale was made. There is much force in appellant's argument to the effect that the name of the purchaser should in fairness be alleged in order to enable the defendant to prepare his defense, but it has been held that such allegation is not necessary. (*People* v. *Faust*, 113 Cal. 172 [45 Pac. 261]; *Ex parte Hansen*, 158 Cal. 494 [111 Pac. 528].)   While the decisions in other jurisdictions are not uniform, the weight of authority is contrary to appellant's contention.

[2]   It is urged that the court erred in allowing the challenge for cause to the juror La Grave. La Grave stated that he thought the prohibition law is not "a good law, but, being a law, I believe it should be enforced"; that he had no bias or prejudice against its enforcement; that he did not belong

to any organization having for its object the repeal of the law; and that he could "bring in a verdict solely in accordance with" the evidence. The testimony fails to show any legal grounds for challenge. Both parties expressed themselves as satisfied with the jurors finally selected before they were sworn. "Any error in allowing a challenge, . . . in a criminal case, is without prejudice where it appears that a fair and impartial jury was obtained." (15 Cal. Jur. 410.)

[3] During the *voir dire* examination of juror Sweeney, who stated that while he did not approve of the prohibition law he was in favor of its enforcement and could decide the case "without any bias or prejudice against the people," and who was thereupon challenged for cause by the district attorney, the following occurred: "The Court: Well, the court is going to call to your attention just a case which you sat in the other day, in which the same testimony was given, and against two defendants, and one of them you found guilty and the other one that you refused to find guilty. Now, in that case, didn't you feel that the man that you refused to find guilty—you refused to find him guilty because you thought the punishment would be too severe? Mr. Russell: Well, now, if the court please, we assign that as prejudicial error on the part of the court, in reference to the questioning this jury. The Court: Well, the court has got a right to ascertain the state of mind of any juror, and there is no use to sit here and try cases, if jurors come in the box with the preconceived idea that they will not convict under any circumstances. Mr. Russell: We again assign the statement of your honor as prejudicial error, the statement having been made in the presence of the jury. The Court: The court is not stating that this juror has such a state of mind, but he wants to ascertain whether he has or not." The district attorney thereafter withdrew his challenge and the court then instructed the jury as follows: "The court will instruct the jury that any statement of the court, or any interrogation of any juror by the court, is not evidence in the case, and not to be considered by the jury for that purpose, or for any other purpose." There is merit in appellant's contention that the jurors may have inferred from the questions and remarks of the court "that their verdicts in criminal cases are to be subjected to the scrutiny and

criticism of the trial judge when they are called to act as jurors in other cases.'' In view of the instruction upon the subject given by the court, however, and the fact that the direct evidence of the unlawful sale by defendant is wholly uncontradicted, it is not believed that the matters complained of resulted in a miscarriage of justice.

The prosecuting witness, a detective employed by the police department, testified without objection that on the 27th of January, 1924, he purchased a drink of intoxicating liquor from defendant at the latter's place of business at about 11 o'clock in the forenoon and another drink shortly after 5 o'clock in the evening of the same day and that, at the 5 o'clock visit, he asked defendant for a pint bottle of ''jackass,'' whereupon defendant delivered to the witness a bottle of liquor and charged the witness $1.50 therefor. A chemist testified that such liquor contained 33.3 per cent of alcohol. When the liquor was offered in evidence the defendant objected to its admission. [4] Since the sale of the liquor and the conversation relative thereto between the purchaser and the defendant were proved without objection, the admission of such liquor in evidence could not have influenced the jury in arriving at a verdict.

The defendant produced the captain of the dry squad of the police department as a witness. This officer testified that the general reputation of the prosecuting witness for ''truth and veracity'' is bad. On cross-examination the witness stated that he based his answer solely on the fact that at one time the prosecuting witness made a false report. It thus clearly appeared that the witness did not know the general reputation of the prosecuting witness and his whole testimony relative thereto should have been stricken out. Instead of moving to strike out such testimony, however, the district attorney proved by the impeaching witness that he had frequently acted upon the reports made by the prosecuting witness and had always found them to be correct except in the single instance referred to. Among other things, it was shown that, based on a report made by the prosecuting witness, the impeaching witness arrested the defendant on the thirtieth day of January, 1924, on a charge of the unlawful possession of intoxicating liquor at his place of business and that the defendant entered a plea of guilty

to the charge. Counsel for defendant objected to such testimony as not proper cross-examination and assigned the action of the district attorney in bringing it out as misconduct. [5] Whatever merit there may be in the objection that such examination was not proper cross-examination, proof of the unlawful possession of intoxicating liquor on the thirtieth day of January, three days after the unlawful sale of which defendant was convicted, was admissible in support of the charge of such unlawful sale, as corroboration of other evidence as to the fact of such sale. (*People* v. *Petrovich,* 67 Cal. App. 405 [227 Pac. 978].) The objection therefore goes to the order of proof rather than to the admissibility of the testimony and the order of proof is very largely in the discretion of the trial court.

Appellant points out certain other alleged errors by merely giving the line and page of the transcript where the same appear and stating that the rulings or the conduct there shown constitute prejudicial error. Most of the alleged errors are disposed of by what has already been said and those not specifically considered are without substantial merit.

The defendant did not testify. While that fact cannot be weighed against him, it leaves the testimony of the prosecution wholly uncontradicted, a fact which is entitled to consideration in determining whether there has been a miscarriage of justice. While it cannot be said, under the circumstances stated, that there has been a miscarriage of justice, it is deemed proper to suggest that a prosecuting attorney should never permit his zeal for the enforcement of the law to lead him into conduct tending in any manner to prejudice the rights of a defendant on trial for a criminal offense, and that a trial judge should scrupulously guard against even the appearance of a belief in the guilt or innocence of a defendant lest the jury, misinterpreting the attitude of the judge, give it weight in arriving at a verdict.

The judgment and the order are affirmed.

Plummer, J., and Hart, J., concurred.

A petition by appellant for a rehearing of this cause was denied by the district court of appeal on October 13, 1924.