# Commonwealth *v.* Abel, Appellant.

*Criminal law—Intoxicating liquors—Unlawful possession—Conviction.*

In the trial of an indictment for the unlawful possession of intoxicating liquors, a verdict of guilty will be sustained, where the evidence on the part of the Commonwealth established that the plaintiff was the owner of a house boat to which was moored a flat boat containing fuel, etc; on which were found three gallon

jugs containing whiskey, and a copper boiler which if equipped with a coil could be used as a still.

Under such circumstances, it was proper to admit in evidence the liquors and the means of manufacturing the same which were found on the house boat.

The fact that the house boat was moored on a navigable stream within the borders of the Commonwealth does not divest the jurisdiction of the state courts, or bring the case within the exclusive jurisdiction of the federal authorities.

An appellate court will not interfere with and set aside a sentence pronounced on a verdict of guilty, which is authorized by the statute.

Argued October 13, 1924.   Appeal, No. 24, April T., 1925, by defendant, from judgment of Q. S. Washington Co., Feb. Sessions, 1924, No. 102, on verdict of guilty in the case of Commonwealth of Pennsylvania v. William S. Abel.   Before Orlady, P. J., Henderson, Trexler, Keller, Linn and Gawthrop, JJ.   Affirmed.

Indictment for the manufacture, sale and possession of intoxicating liquors.   Before Cummins, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were in overruling motion to quash the indictment, overruling motion of defendant to direct district attorney not to use the boiler in evidence, various rulings on evidence and the charge of the court.

*Vernon Hazzard,* for appellant.

*Howard W. Hughes,* District Attorney, for appellee.

Opinion by Linn, J., November 17, 1924:

Appellant was convicted of manufacturing and of possessing intoxicating liquor, in violation of the Act of

March 27, 1923, P. L. 34. From the disputed evidence in the case the jury may have found the following facts, which would support the verdict: Appellant resided on a house boat moored in the Monongahela River, 30 feet from the shore in the Borough of Charleroi. With a warrant for his arrest and also a search warrant, several officers entered the house boat and arrested appellant. When arrested, appellant was sitting at a table on which there was a glass of whiskey. A flat boat, also described as a fuel boat, about 20 feet long, was moored to the houseboat and either belonged to or was used by appellant. While one of the officers detained appellant on the houseboat, the others searched both boats and found on the flat boat, 3 gallon jugs containing whiskey and a copper boiler which if equipped with a coil could be used as a still. Appellant had thrown the coil into the river the day before. Appellant was taken to a magistrate's office and it is said that there he pleaded guilty. Before indictment he filed a petition in the quarter sessions, averring that the copper boiler belonged to him and asked that it be delivered to him and that the district attorney be restrained from using it in the proposed prosecution. While some of those facts were denied by evidence offered on behalf of appellant, we are bound by the conclusion of the jury, who apparently did not believe the denials.

The learned counsel for appellant presents many assignments of error, which we have considered in the light of his argument; those to the charge of the court and to extracts therefrom are without foundation in their relation to the evidence, the effect of which we have briefly but sufficiently indicated. He complains of the refusal to quash the indictment, asserting that it was found by the grand jury before the court disposed of appellant's petition to restrain the district attorney from using the copper boiler as evidence, and to require its return to appellant. In the circumstances, already out-

lined, it is obvious that the course pursued by the court was right: Com. v. Grasse, 80 Pa. Superior Ct. 480; Com. v. O'Malley, 81 Pa. Superior Ct. 100. We find no merit in the assignments complaining of rulings on evidence. Appellant contends that as the boat was moored in a navigable stream, the federal and not the local law was applicable; that contention is without foundation: Respublica v. Davison, 4 Yeates 125. The only remaining complaint to be noticed is that sentence is excessive; appellant was sentenced to pay the costs of the prosecution, a fine of $300, and undergo imprisonment in the Allegheny County workhouse for a period of eight months. The statute provides a maximum of three years. Counsel for appellant suggests that as this was appellant's first offense, he received a heavier sentence than is usually administered to first offenders in Washington County; as the sentence is authorized by statute we may not interfere.

Judgment affirmed.