## Sutherland and Chapman v. Commonwealth.

(Decided April 24, 1925.)

### Appeal from Graves Circuit Court.

1. Intoxicating Liquors—Refusal to Direct Verdict Held Proper.— Refusal to direct verdict of acquittal in prosecution for unlawful possession of intoxicating liquors, held proper.
2. Criminal Law—Evidence Obtained by Unlawful Entry of Witness, Not an Officer, Held Admissible in Prosecution for Unlawful Possession of Intoxicating Liquors.—In prosecution for unlawful possession of intoxicating liquors, evidence of possession of whiskey in a barrel, obtained by a witness not an officer, who made an unlawful entry upon accured's premises, held admissible.

B. C. SEAY for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellants were convicted of unlawfully possessing intoxicating liquor. Their first complaint is that the court erred in refusing to direct their acquittal.

The Commonwealth proved by Marion Reed that within twelve months before the finding of the indictment, he discovered a barrel of whiskey in the stock barn of appellant Sutherland, and, without the latter's consent or knowledge, removed same to Jim Burnett's field; that he withdrew from the barrel a part of its contents and drank it, and that it was whiskey.

Lannie Mason testified that he hauled a barrel from Burnett's field for appellants to John Coke's place, and rolled it into a ditch surrounded by timber and out of sight of the road, and that the next day they got his truck and hauled the barrel away from there, but he did not know where they took it or what it contained. This evidence was corroborated by the testimony of other witnesses for the Commonwealth, and was not contradicted,

as no evidence was introduced for appellants; and it is clearly inferable therefrom that the barrel appellants jointly hauled away from Burnett's field, and later from Coke's place, was the same one Reed took there, and which contained whiskey.

Hence the court did not err in refusing to direct the acquittal of either of appellants.

The only other complaint is that Reed's evidence was incompetent because obtained by a wrongful entry upon and an illegal search of Sutherland's premises. There is no merit in this contention, since Reed was not an officer and his evidence was competent, even though obtained by an illegal search. Kendall v. Commonwealth, 202 Ky. 169, 259 S. W. 71.

Judgment affirmed.