### DONAHUE v. STATE.   (No. 8570.)

(Court of Criminal Appeals of Texas.   Nov. 18, 1925.)

1. **Criminal law** ⬚371(10)—**Sale at defendant's residence held admissible to show intent of accused.**

In a prosecution for manufacturing liquor, testimony as to purchase of whisky from accused at his residence a quarter of a mile from place of manufacture *held* admissible as bearing on intent.

2. **Intoxicating liquors** ⬚226—**Evidence held to sufficiently connect defendant with still found on his premises to warrant admission of evidence concerning same.**

Testimony that witness found large still concealed in oil tank near residence of accused *held* not objectionable because of absence of testimony tending to connect defendant with still, where there was evidence that still was near a well being pumped by defendant, and that defendant had been seen going away from tank with something in sack, and that witness had never seen any one but defendant around tank.

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⬦⇒1128(2)—Agreement of counsel that testimony in other case may be considered as in record will be disregarded.**

In view of Vernon's Code Cr. Proc. art. 938, an agreement between attorneys, approved by trial court, that court could consider, on motion to quash jury panel, facts introduced in another case, cannot avail in Court of Criminal Appeals, which will not consider such evidence.

Commissioners' Decision.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

John Donahue was convicted of manufacturing liquor, and he appeals. Affirmed.

Chastain & Judkins, of Eastland, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. The appellant was convicted in the district court of Eastland county for the offense of manufacturing liquor, and his punishment assessed at confinement in the penitentiary for a term of two years. The evidence is sufficient to support the verdict.

[1] By bill of exceptions No. 1 appellant complains at the court's action in permitting the witness Goforth to testify to the purchase of a quart of whisky from the appellant at his residence about one-fourth of a mile from the place where the liquor is alleged to have been manufactured. This testimony was admissible as bearing on the appellant's intent in manufacturing the liquor. Terry v. State (Tex. Cr. App.) 275 S. W. 837, not yet [officially] reported. Dameron v. State, 97 Tex. Cr. R. 172, 260 S. W. 855.

[2] By bill of exceptions No. 4 complaint is made at the action of the court in permitting the state to prove by a witness that he found a large still concealed in an oil tank near the residence of the appellant on New Year's night 1923. The objection to this testimony is that there is no testimony tending to connect the defendant with the still and same was not on the premises owned or controlled by the defendant, or that defendant had any knowledge of the still. The court qualifies this bill by saying that the same witness testified that the still was about 150 yards from a well which was being pumped by the defendant at the time, and that another witness had testified that he knew the defendant, and that he had seen this defendant about this tank where this still was found in December, and that he had seen him going away from this tank with a sack that had something in it, and that he was familiar with this tank and had never seen any one else except the defendant around said tank. Under this qualification, no error is shown in the admission of this testimony.

[3] By bill of exceptions No. 2 appellant complains at the court's action in refusing to quash the jury panel for reasons stated in the motion to quash. The motion filed in this case is an exact copy of the motion filed in the case of Atwood v. State, 96 Tex. Cr. R. 249, 257 S. W. 563, which was reversed by this court. In the Atwood Case, the evidence in support of said motion to quash was taken and considered by the court and presented to this court by proper bill of exception. In this case no evidence was offered, so far as this record shows, on the hearing of the motion. There is before this court, however, an agreement entered into between the attorneys for the state and defendant and approved by the trial court which was forwarded to this court on March 25, 1925, to the effect that it was agreed that the court would consider on the motion to quash the same facts as being in evidence as was introduced in the case of State v. Atwood, supra, and it was agreed that this court may consider, as in the record in this case, the record in the Atwood Case, on the motion to quash the jury panel. We regret that we cannot consider testimony taken in another case. The record before this court in each case must be complete before it will be considered. It has never been the practice in this court, and we will not now begin the practice of considering the testimony in one case in connection with the testimony in another subsequent case that may be filed in this court. To do so would lead to endless confusion and would be out of harmony with all the known rules of appellate practice. We regret that appellant has been denied the right to have this question reviewed, but it is due to no fault of this court, and we can pass on a record only as it is presented here.

As above stated, the record as presented fails to show that any testimony was introduced on appellant's motion to quash, and the appellant's complaint at the court's action in overruling it is without merit when viewed from the standpoint of the record as filed in this case. Article 938, Vernon's C. C. P., and the many authorities cited thereunder.

Finding no error in the record requiring a reversal of this case, it is our opinion that the judgment should be in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes