JESS McCLURE v. THE STATE.

No. 9449.    Delivered February 3, 1926.

Rehearing denied March 10, 1926.

**1.—Manufacturing Intoxicating Liquor—Evidence—Of Extraneous Acts—Properly Admitted·**

Where, on a trial for manufacturing intoxicating liquor, there was no error in permitting the state to introduce evidence covering a period of time from about the 9th day of November, 1924, up to and including the raid on December 5th, 1925, such evidence being admissible as showing intent, and as corroborative of the testimony of the accomplice. See Branch's

Ann. J. C., Secs. 166 and 2347. Following Dameron v. State, 250 S. W. 855 and other cases cited.

ON REHEARING.

2.—Same—Accomplice as Witness—Evidence—Properly Admitted.

On rehearing apellant insists that we were in error in holding that there was no error in permitting the accomplice to detail what transpired between himself and appellant in the manufacture of intoxicating liquor over a period covering several weeks. A careful reconsideration of this matter confirms us in our original view that such testimony was properly admitted, and the motion for rehearing is overruled.

Appeal from the District Court of Grayson County. Tried below before the Hon. Silas Hare, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Jas. D. Buster* of Sherman, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the district court of Grayson County for manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The appellant, Lum Burton, Jim Harrison, L. R. Short and Wat Wylie, were jointly indicted for said offense. Briefly stated, the record discloses that on the 5th day of December, 1924, the officers raided the premises of the appellant and found in operation a 70-gallon copper still, 7 gallons of corn whiskey and several barrels of mash; and on the following day, found on said premises 30 gallons of corn whiskey. It was the contention of the state that the appellant owned this still, and was having the other parties named in the indictment to manufacture the whiskey for a portion thereof, and that he was selling and disposing of same. It was the contention of the appellant, while he did not take the stand and testify, that he had no knowledge of said still being operated on said premises, and that he was not at home at the time said raid was made.

We find 28 bills of exception in the record, complaining of the action of the court upon the trial of this case, but we deem it unnecessary to discuss each of said bills separately on account of the great number of same, and especially in view of the fact that the record discloses that the appellant's complaint is

lodged chiefly to the action of the court in permitting the state to introduce evidence covering a period of time from about the 9th day of November, 1924, up to and including the day of the raid, on December 5, 1924. The state introduced Lum Burton, an accomplice, who testified to an agreement that he had with the appellant about the 9th day of November, 1924, in which the appellant employed him to assist in the manufacture of intoxicating liquor upon appellant's premises; and pursuant to said agreement, he entered upon said duties about said time, and in detail narrated to the jury the continuous manufacturing of intoxicating liquor from that date until the date of the raid by the officers, as above stated. In his testimony he attempted to state the number of barrels of mash prepared, the number of gallons of whiskey made on each run, and the different times that appellant was at said still, and the instructions appellant gave on such occasions relative to the manner of manufacturing the whiskey and strength thereof, and his statements pertaining to the sales of and the orders for said whiskey, and the different parties that visited the said still in company with said appellant, and his instructions with reference to moving the still to different places on his premises, and the signals to be given, and the actions to be taken in the event that the officers were to attempt a raid thereon. In this connection the state was permitted to introduce evidence by said accomplice, showing the sugar and material that appellant had in his barn, used in the operation of the said still. The state also introduced in evidence several other witnesses who testified to conversations with the appellant relative to getting whiskey on his premises, and to their going to said premises and obtaining whiskey in pursuance of said conversations, and to the appellant making a trade with one of the state's witnesses to paper and paint his house, in which the said witness was to receive and take from appellant two gallons of whiskey in payment therefor, and that said appellant started with said witness from his residence to the still for the purpose of showing same to the witness, but at the suggestion of one of the parties on the place, appellant turned back, and this party accompanied the witness to the place where he observed what purported to be a still. The state also introduced the witness Weems, who testified that appellant approached him and sought his permission to store some whiskey in his residence, which request was refused, and said witness testified that he had received some whiskey from appellant prior thereto, in connection with

some dental work. This testimony ranged over the period of time above mentioned, and all of said testimony was objected to by appellant, upon the grounds that it related to other offenses, no part of the res gestae, did not bear on motive, identity or system, was prejudicial, did not prove or disprove any controverted issue in the case and was irrelevant and immaterial.

After a careful examination of the entire record, we have reached the conclusion that said testimony was admissible for the purpose of connecting the defendant with the offense for which he was then being tried, and that it was admissible for the purpose of corroborating the accomplice, Lum Burton. Mr. Branch, in his Ann. Tex. P. C., Sec. 166, states:

"When an extraneous crime or other transaction is a part of the res gestae, or tends to show intent, when intent is an issue, and tends to connect the defendant with the offense for which he is on trial, proof of same is admissible," citing many authorities in support thereof.

Mr. Branch, under Section 2347, in re-announcing the above doctrine, adds:

"Or when it is sought to show the guilt of the defendant by circumstantial evidence and such proof of another offense connects or tends to connect the defendant with the alleged offense for which he is being tried, or when it tends to defeat the defensive theory," citing many authorities.

In keeping with this contention, this court has re-affirmed this doctrine in Dameron v. State, 260 S. W. 855; 94 Tex. Crim. Rep. 172; Nichols v. State, 97 Tex. Crim. Rep. 174; 260 S. W. 1050; Mathis v. State, 97 Tex. Crim. Rep. 222; Donahue v. State, 277 S. W. 657. It is true as a general rule that evidence covering extraneous offenses are not admissible, but this case comes clearly within one of the exceptions to this rule, as laid down by the authorities above cited. Besides the record discloses, if the state's evidence is to be credited, that the appellant had this still in operation continuously, or as much so as possible under the circumstances, from the 9th day of October until the date of the raid, and which in effect, made the matters complained of by the appellant, one continuous transaction, which in our judgment would tend to strengthen the doctrine announced and expressed in the opinions above cited.

From a careful examination of the entire record, we have been unable to find any error in the trial of this case, and are

'of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of our upholding the action of the learned trial judge in per-mitting the accomplice to detail what transpired between himself and appellant in the manufacture of intoxicating liquor over a period covering several weeks. We have again reviewed the testimony, but are unable to agree that the matter was in-admissible, or that it was used by the jury in a prejudicial manner. The penalty inflicted upon appellant was the lowest allowed by the statute, and if the jury had been at all so prejudiced, the testimony would seem capable of leading them to inflict a much heavier penalty.

Appellant contends under the case of Stewart v. State, 267 S. W. Rep. 1034, this court cannot sustain a conviction on the testimony of Lum Burton, the accomplice. We regret we are unable to find the Stewart case or to consider its applicability to the instant case.

Being of opinion that the case was properly decided, the motion for rehearing will be overruled.