LATTIMORE, Judge.
 

 Under an indictment charging appellant with unlawfully transporting intoxicating liquor on August 25th, 1923, he was convicted, and his punishment fixed at one year in the penitentiary.
 

 The evidence shows that on the date alleged appellant was apprehended by the officers at night conveying in an automobile four and one half gallons of white corn whiskey. It was a bright moonlight night. The car was being operated without lights. Prom the point where the officers were stationed they had seen the car approaching for the distance of half a mile.
 

 Appellant interposed a plea of former conviction, in which is set out a complaint and information filed in the County Court charging him with operating an automoblie without lights on said 25th day of August, and the judgment of conviction thereon. It is further averred in said plea that the offense of which he was convicted and the one charged against him in the present indictment is one and the same transaction and offense. Upon said plea being presented to the court he overruled it, declining to submit it to the jury or let evidence be heard thereon, to which action exception was reserved.
 

 It is well settled that if such a plea in bar is good in law, when the facts therein alleged can be established, it is error to refuse to submit the question to the jury. It is equally well settled, if, conceding the facts averred to be true, the plea in bar would not be good in law the court may overrule it and decline to submit it to. the jury. So the question arises, — Is the offense of operating an automobile without lights (Art. 820C, Complete Texas St. 1920) while unlawfully transporting intoxicating liquor in the automobile the same offense as transporting the liquor? (Ch. 22, Acts 2d C. S. 38th Leg.)
 

 
 *504
 
 In Bishop’s New Crim. Law, Vol. 1, Sec. 1051, the author realizes the difficulty of determining when offenses are the same, but lays down the following principles for guidance in the matter.
 

 “Just principle seems to sustain the following: They are not the same when (1)
 
 the two indictments are so diverse as to preclude the same evidence from maintaining both;
 
 or when (2) the evidence to the first and that to the second relate to different transactions, whatever be the words of the respective allegations; or when (3)
 
 each indictment sets out an offense differing in all its elements from that in the other, though both relate to one
 
 transaction,— a proposition of which the exact limits are difficult to define; or when (4) some technical variance precludes a conviction on the first indictment, but does not appear on the second. On the other side, (5)
 
 the offenses are the same whenever evidence adquate to the one indictment will equally sustain the other.
 
 Moreover, (6) if the two indictments set out like offenses and relate to one transaction, yet if one contains more of criminal charge than the other, but upon it there could be a conviction for what is embraced in the other, the offenses though of differing names are, within our constitutional guaranty, the same.”
 

 We have underscored what occurs to us as specially applicable in the present case.
 

 In Wharton’s Crim. Law, Vol. 1, 11th Ed. p. 509, is found this statement :• —
 

 “Same act may constitute two or more offenses which are distinct from each other. In such cases the accused may be separately prosecuted and punished for each, and a conviction or acquittal in a prosecution for the one will not constitute a bar to a trial for the other,”
 

 Instances of the application of the'rules thus stated by Mr. Bishop and Mr. Wharton are numerous in our own decisions, notably in Herera v. State, - Texas Crim. Rep., - 34 S. W. 943, and Mitchell v. State, 49 Texas Crim. Rep. 533 - S. W. ——- Herera had been indicted for assault with intent to murder, also for robbery by means of assault growing out of the same transaction. He was convicted of assault with intent to murder. This court held such conviction a bar to his trial upon the robbery charge because the latter offense could not be sustained without establishing the assault, the identical act relied upon by the state to convict him of assault with intent to murder. On the other hand, Mitchell had entered a plea of guilty to being drunk in a public place. Upon a prosecution for disturbing the peace'growing out of the same transaction he interposed in bar the former conviction for drunkenness. Judge Davidson writing for the court said:
 

 “The fact that he was drunk, was not a necessary fact to sustain the conviction for disturbance of the peace. While it may or not
 
 *505
 
 have been a part of the evidence or res gestae of the transaction that he was drunk, yet the conviction for disturbing the peace, could have been sustained without any allusion in the evidence to the fact that he was drunk. In other words, it Was not necessary in any sense to the conviction for disturbing the peace, that the man was drunk. While the disturbance of the peace may have grown out of the fact that he was drunk; that is, that may have been one of the causes why he was cursing and swearing, at the same time it was Out a part of the transaction, and would constitute a different offense. ’ ’
 

 Applying the above principles to the present case; it was not necessary to the conviction for operating the ear without lights to prove the presence of whiskey in the car, nor to make out a case of transporting whiskey to prove that no lights were burning. It was res gestae of the transaction and in a prosecution for either offense the other could be shown. Appellant may have been committing one offense (running without lights) to aid in the consummation of another (transporting whiskey), but they were not the same offense nor the same criminal act although parts of the same transaction. This court had occasion to call attention to the difference between the “same offense” and the “same transaction” in Cotton v. State, 92 Texas Crim. Rep. 594, 244 S. W. 1027 and in Aven v. State, 95 Texas Crim. Rep. 155, 253 S. W. 521. We conclude that the court was not in error in overruling the plea of former conviction in the instant case.
 

 Over objection of appellant the state was permitted to prove by the sheriff that appellant and another party were occupying the ear in which the whiskey was discovered and that after taking them and the whiskey into custody and placing them in jail he followed the tracks of the car backward several miles to where it had stopped in the vicinity of a still, where other whiskey was found hidden, and that leading from the car and still to the hidden whiskey and back to the car were the tracks of two persons. The qualification of the learned trial judge to the bill shows that this testimony was admitted to show that both appellant and the other party in the car with him were interested in the transportation of the whiskey. The objection urged was that the evidence tended to connect appellant with other and separate offenses, to-wit, that of the unlawful manufacture of intoxicating liquor, and the unlawful possession thereof. While only the count charging the unlawful transportation of intoxicating liquor was submitted to the jury the indictment contained another count charging the unlawful possession of the liquor for the purpose of sale. In addition to the reason assigned by the court for admitting it the evidence objected to was unquestionably admissible upon said latter court. Ferguson v. State, 255 S. W. 749; De Shazzo v. State, 262 S. W. 761.
 

 
 *506
 
 We observe no error in the matter complained of by bill of exception number three. The sheriff testified that he knew the whiskey being transported was intoxicating by reason of an analysis made thereof by a party at Lubbock, Texas. He was not asked to state what the result of the analysis was, but this was developed upon cross-examination, it appearing thereform that the witness was present at the time the analysis was made at Lubbock, Texas, and saw the result of the test. The witness, regardless of the analysis, testified positively that the liquor found in the car was whiskey.
 

 Finding no error in the record, the judgment is affirmed.
 

 Affirmed.