Larry Dean McMILLAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43933.

Court of Criminal Appeals of Texas.

June 29, 1971.

Gibbons & Spivey, Austin, for appellant.

Thomas J. Purdom, County Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of driving while intoxicated. Appellant pleaded guilty before the court on November 2, 1970, and his punishment was assessed at ten days in the Lubbock County Jail and a fine of $125.00.

In accordance with the Texas Misdemeanor Probation Law (Article 42.13 Vernon's Ann.C.C.P.) he was placed on probation for a period of one year.

The record reflects that on December 29, 1969, appellant was observed by police officers driving on the wrong side of the street; he was stopped and found to be intoxicated. Subsequently, he was charged with the offense of driving on the wrong side of the street, to which charge he pleaded guilty in the Lubbock Municipal Court, and was assessed a fine.

Appellant challenges his conviction for driving while intoxicated by one ground of error, contending that he was placed in double jeopardy by virtue of his former conviction for driving on the wrong side of the street, such being a violation of the 5th and 14th Amendments to the Constitution of the United States, and incompatible with the decision of the Supreme Court in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435.

In view of appellant's contention, we are squarely confronted with the question of whether or not he was placed in double jeopardy by virtue of his two convictions and, secondly, whether Waller v. Florida, supra, applies to the circumstances of this case.

The Supreme Court in Waller v. Florida, supra, stated:

"* * * The opinion of the District Court of Appeal first explictly acknowledged that the charge on which the state court action rested 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances.' * * *.

"We act on the statement of the District Court of Appeal that the second trial on the felony charge by information 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and on the assumption that the ordinance violations were included offenses of the felony charge. Whether in fact and law petitioner committed separate offenses which could support separate charges was not decided by the Florida courts, nor do we reach that question. What is before us is the asserted power of the two courts within one State to place petitioner on trial for the same alleged crime.

\* \* \* \* \* \*

"We decide only [6] that the Florida courts were in error to the extent of holding that—'even if a person has been tried in a municipal court for the *identical* offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court." (Our emphasis supplied)

Footnote 6, supra states:

"If petitioner has committed offenses not embraced within the charges against him in the municipal court he may, or may not, be subject to further prosecution depending on statutes of limitation and other restrictions not covered by the double jeopardy restraints of the Constitutions of Florida and of the United States."

It is clear from the facts of the case at bar that driving on the wrong side of the street and driving while intoxicated are not identical offenses, but rather separate and distinct. Thompson v. State, 99 Tex.Cr.R. 470, 269 S.W. 1048; 16 Tex.Jur.2d 281, 282, Sec. 135, and cases cited therein.

Article 802 V.A.P.C., dealing with the offense of driving while intoxicated, does not provide for a lesser included offense of driving on the wrong side of the street. See 30 Tex.Jur.2d 655, Sec. 67, and cases cited therein.

There being no reversible error, the judgment is affirmed.