William ·Dallas EVANS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 44846.

Court of Criminal Appeals of Texas.

April 19, 1972.

Michael S. Thorne, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Gregory H. Lauglin, Asst. Dist.

Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the misdemeanor offense of driving and operating a motor vehicle upon a public highway while intoxicated.

The appellant entered a plea of nolo contendere on March 12, 1971, and his punishment was assessed at thirty days confinement in the Harris County Jail and a fine of $125.00.

In accordance with the Texas Misdemeanor Probation Law (Article 42.13, Vernon's Ann.C.C.P.) the appellant was placed on probation for the period of one year.

The appellant's sole ground of error on appeal is that "The trial court committed reversible error by overruling defendant's motion to dismiss the charge against defendant based on former jeopardy."

In support of the appellant's plea of former jeopardy, no evidence was offered and only the following stipulation was made:

"... May it be stipulated by and between the counsel for the State and for the Defense that the defendant in this case had previously paid a fine of five dollars ($5.00) in the Municipal Courts of the City of Houston for the offense of making an 'illegal left turn,' in the course of which the officer also charged him with D.W.I. (Driving While Intoxicated), the subject matter of the law suit that we are talking about here today. ..."

We do not believe that the stipulation is sufficient to support the appellant's plea of former jeopardy. Even if it were, this issue has been determined contrary to appellant's contention. McMillan v. State, 468 S.W.2d 444 (Tex.Cr.App.1971).

Further, the appellant having entered a plea of nolo contendere in a misdemeanor case and it appearing that the plea was knowingly and understandingly made, the plea of nolo contendere is conclusive as to the defendant's guilt and waives all prior non-jurisdictional defects, including claimed deprivation of federal constitutional due process.

There being no judgment or sentence in this case because appellant was granted probation under the provisions of the Texas Misdemeanor Probation Law,[1] the order of the trial court finding the appellant guilty and granting probation will be affirmed.

The order is affirmed.

Opinion approved by the Court.

1. See Article 42.13, Sections 4 and 8, V.A.C.C.P.