**Marvin Harold GEHRKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48026.**

Court of Criminal Appeals of Texas.

April 3, 1974.

Michael W. Eheman, Carroll S. Weaver, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and David Crump, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal stems from a conviction for driving a motor vehicle upon a public highway while intoxicated where the punishment was assessed by the court at 30 days' confinement in the county jail and a fine of $100.00. However, the appellant was placed on probation for one year under the terms of Article 42.13, Vernon's Ann.C.C. P.

In his sole ground of error appellant contends the court erred in overruling his motion to quash the information on the basis that prosecution for the instant offense constituted double jeopardy since he had been previously convicted of the traffic offense of failure to keep a vehicle in a marked lane of traffic, which arose out of the same transaction as the instant offense.

An almost identical question was advanced in McMillan v. State, 468 S.W.2d 444 (Tex.Cr.App.1971), and decided adversely to appellant's contention. There,

McMillan was stopped by police officers after they observed him driving on the wrong side of the street. After he was stopped, he was found to be intoxicated. He was charged with driving on the wrong side of the street and driving while intoxicated. He pleaded guilty to the first offense and was fined. He attacked his subsequent conviction for driving while intoxicated on the grounds of double jeopardy and relied upon Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, as does the appellant herein.

In *McMillan,* this court wrote:

"It is clear from the facts of the case at bar that driving on the wrong side of the street and driving while intoxicated are not identical offenses, but rather separate and distinct. Thompson v. State, 99 Tex.Cr.R. 470, 269 S.W. 1048; 16 Tex.Jur.2d 281, 282, Sec. 135, and cases cited therein.

"Article 802 V.A.P.C., dealing with the offense of driving while intoxicated, does not provide for a lesser included offense of driving on the wrong side of the street. See 30 Tex.Jur.2d 655, Sec. 67, and cases cited therein."

We deem *McMillan* here controlling. See also Evans v. State, 479 S.W.2d 282 (Tex.Cr.App.1972); Carter v. State, 483 S.W.2d 483 (Tex.Cr.App.1972).

Appellant calls our attention to Thompson v. State, 495 S.W.2d 221 (Tex.Cr.App. 1973), and Hancock v. State, 495 S.W.2d 222 (Tex.Cr.App.1973), each of which involved a conviction for possession of a narcotic under Article 725b, Vernon's Ann.P.C., as well as a conviction of possession of narcotic paraphernalia denounced by the same statute, both convictions growing out of the same transaction. In each case this court held that only one of the convictions could stand since possession of a narcotic and possession of narcotic paraphernalia growing out of the same transaction are but one offense under Article 725b, Vernon's Ann.P.C. These cases are thus distinguishable from the instant case.

Benard v. State, 481 S.W.2d 427 (Tex. Cr.App.1972), is likewise distinguishable. There, Benard was convicted first of driving without an operator's license and subsequently of driving while license suspended based on the same act.

For the reasons stated, the judgment is affirmed.