**Michael Linwood WHITWORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14-81-015-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1981.

Donna Claire Pendergast and Philip S. Greene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and ROBERTSON, JJ.

MORSE, Justice.

This is an appeal from a conviction for possession of Lysergic Acid Diethylamide in violation of the Texas Controlled Substances Act. In a trial before the court, appellant was found guilty and received a three year probated sentence.

On May 22, 1979, Houston police stopped appellant for running a stop sign. Appellant was not a Houston resident but lived in Beaumont, Texas. Since the officer believed Beaumont to be more than 50 miles from Houston, he arrested the appellant per a Houston Police Department policy which provides that if a traffic violator lives more than 50 miles outside of Houston, he is arrested and made to post a cash bond. The officer then searched the appellant for weapons and discovered a small plastic bottle containing LSD. Appellant was ticketed for running the stop sign, and the following day was charged with the possession of a controlled substance.

On June 14, 1979, and twice again on July the 2nd and the 17th, 1979, in obtaining agreed resettings of the charge of possession of a controlled substance, appellant signed a written waiver of his rights to a speedy trial as to said felony charge. No waiver was signed as to the misdemeanor charge of running a stop sign. On July 16, 1979, the municipal complaint against appellant for running the stop sign was set aside and the case dismissed due to a failure to offer appellant a speedy trial (within 30 days) as required by Tex.Code Crim.Pro. Ann. Art. 32A.02 § 1(4) (Vernon Supp. 1977).[1]

Appellant comes before the court with two points of error. In his first point of error, appellant contends that the trial court committed reversible error in failing to dismiss the possession charge against appellant per Tex.Code Crim.Pro.Ann. Art. 28.061 (Vernon Supp.1980–1981). Article 28.061 provides:

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense *arising out of the same transaction.* (Emphasis added)

The appellant contends that Art. 28.061 required that he be discharged as to the possession charge, since the traffic violation had been dismissed for lack of a speedy trial under Art. 32A.02.

---

1. Prior to its amendment effective Sept. 1, 1979 Tex.Code Crim.Pro.Ann. Art. 32A.02 § 1 (Vernon Supp.1977) provided in full:

"Art. 32A.02. TIME LIMITATIONS

"Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

"(2) 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days;

"(3) 60 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less; or

"(4) 30 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a fine only.

The state has made two responses to appellant's first point of error. The state first argues that appellant, by signing the waiver on June 14, 1979, waived any rights which he had under Art. 28.061.

It is undisputed that appellant signed valid waivers on June 14, 1979, and July 2 and 17, 1979. However, the form used for these waivers as related to the felony charge of possession does not purport to waive the provisions of any statute other than "Art. 32A.02, Sec. 1(1)" and "Chapter 32A, Texas Code of Criminal Procedure." These waivers do not in any manner mention Art. 28.061, which, although enacted as Section 4 of Chapter 787,[2] was not included in Section 1 of said bill which separately enacted Articles 32A.01 and 32A.02 as said "Chapter 32A." Regardless of the effect, in view of our holding on the state's second response, we need not decide whether Article 28.061 was so waived.

■ The state also argues that the application of Article 28.061 is not proper because the traffic violation and the possession charge did not arise out of the same transaction. The term "arising out of the same transaction" is a phrase which has obtained a special meaning in the area of criminal law. For example, under the doctrine of "carving," the state may carve and prosecute for any offense it may elect which "grows out of the same transaction". *Lewis v. State*, 171 Tex.Cr.R. 231, 346 S.W.2d 608 (1961). The Texas courts have also been faced with the question of whether two criminal offenses have arisen from the same transaction for purposes of applying the doctrine of double jeopardy. In *Thompson v. State*, 495 S.W.2d 221 (Tex.Cr. App.1973), it was held that possession of heroin and of a hypodermic needle both "arose out of the same transaction" and constituted only one offense. Since conviction of both was double jeopardy, one was reversed. In *McMillan v. State*, 468 S.W.2d 444 (Tex.Cr.App.1971), the court held that for purposes of applying double jeopardy, driving while intoxicated is separate and distinct from the traffic offense of driving on the wrong side of the street. *See also Gehrke v. State*, 507 S.W.2d 550 (Tex.Cr. App.1974); *Grant v. State*, 505 S.W.2d 279 (Tex.Cr.App.1974). A criminal transaction has been defined as an act, or a series of acts, arising from a single criminal impulse. *Whitford v. State*, 24 Tex.Crim. 489, 6 S.W. 537 (1887); *see* 22 C.J.S. *Criminal Law* § 1 (1961). In the context of these distinctions pertinent to criminal procedure, the offense of running a stop sign and the offense of possession of a controlled substance did not arise out of the same transaction within the meaning of Article 28.061. Therefore, we hold that the trial court did not err in failing to dismiss the possession charge.

■ In his second point of error, appellant contends that there was no probable cause for his arrest, and thus, the trial court erred in allowing into evidence the LSD found in the search incident to the arrest. Appellant contends that he was not arrested for running the stop sign, but was arrested solely due to the police department policy of arresting violators who live more than 50 miles from the City of Houston. He argues that departmental policy is not sufficient probable cause upon which to base an arrest. However, appellant cites no authorities in support of this contention.

In Texas, an officer may arrest and take into custody a person seen running a stop sign. *Tores v. State*, 518 S.W.2d 378 (Tex. Cr.App.1975). The arresting officer observed appellant run a stop sign and this provided sufficient basis for the arrest. Upon apprehending appellant, the officer had the alternative of issuing a citation or taking appellant into custody. The police department policy did not provide the basis for the arrest, but only eliminated the officer's option of issuing a traffic citation. Appellant's second point of error is overruled.

The trial court's judgment is affirmed.

---

2. 1977 Tex.Gen.Laws, Ch. 787, at 1970.