**Steven KALISH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–693CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1982.

Rehearing Denied Nov. 24, 1982.

Discretionary Review Granted March 1, 1983.

---

Dick DeGuerin, Houston, for appellant.

Jim Mapel, Angleton, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

JAMES, Justice.

This is an appeal by the defendant for a conviction of the felony offense of possession of cocaine, wherein the punishment assessed was five years in the Texas Department of Corrections. We affirm.

In the early morning hours of January 22, 1980, appellant was a passenger in an automobile (containing three others) which was stopped for a traffic violation by Deputy Sheriff Edward Ervin of the Brazoria County Sheriff's office. When asked by Deputy Sheriff Ervin to step from the vehicle, appellant exited and ran from the auto, throwing a sack over a fence. Later, Deputy Sheriff Ervin retrieved the sack (with the assistance of Patrolman D. Eubank of the Alvin Police Department, who had been called in to assist), and found that it contained cocaine and quaaludes. In the opinion of Deputy Sheriff Ervin, appellant was intoxicated, and he arrested him for public intoxication. Later, Deputy Sheriff Ervin filed complaints in the Justice Court charging appellant with public intoxication (Justice Court Cause No. 38558), possession of a controlled substance: quaaludes (Justice Court Cause No. 38559), and possession of a controlled substance: cocaine (Justice Court Cause No. 38560).

On March 19, appellant was found guilty of the misdemeanor offense of public intoxication at a bench trial in the Justice Court of Brazoria County, Precinct 3, and was fined. Appellant immediately gave notice of appeal, and the appeal bond was approved by the Justice Court on March 27, thus perfecting his appeal to the County Court of Brazoria County (though the file marks on the documents received by the County Clerk concerning this appeal from Justice Court show that the documents were filed for record on April 17). On April 18, the County Court set the case for a trial de novo for June 9 (County Court Cause No. 28,757). Subsequently, the case was reset for June 23, at the request of the appellant. On June 24, appellant filed a "Motion to Set Aside Complaint" in the County Court, A.R. Mason, J., which was granted due to the prosecution's failure to comply with the Texas Speedy Trial Act, Tex.Code Crim. Pro.Ann. art. 32A.02 (Vernon Supp.1982). As a result, the misdemeanor charge of public intoxication was dismissed.

In the meantime, on March 5, appellant was indicted for the felony offense of possession of cocaine (Cause No. 12,467). The State filed a written announcement of "ready" on March 10, and an oral announcement to the same effect in open court (the first of several during the course of this case) on May 19. On July 2, appellant filed a "Plea in Bar and Motion to Dismiss" in the District Court. After an evidentiary hearing on August 14, the District Court, J. Ray Gayle, J., denied the plea. Thereafter, the following year, on May 11, 1981, appellant waived a trial by jury and entered a plea of not guilty on stipulated evidence. Simultaneously, appellant reurged his plea in bar, which was denied. The Court, Tom Kenyon, J., found appellant guilty, and assessed his punishment at five years confinement in the Texas Department of Corrections.

In his only ground of error, appellant asserts that the prosecution of this offense should have been barred by the previous dismissal of the public intoxication charge [due to non-compliance with the Texas Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 28.061 and 32A.02 (Vernon Supp.1982)], since this charge arose out of the "same transaction". Appellant argues that the specific offenses of public intoxication and possession of cocaine arose from the "same transaction", and are "continuing offenses". This appears to be in direct contravention with past holdings.

The term "same transaction" is one which has acquired a unique interpretation in Texas criminal law. The Court of Appeals of Texas, in *Whitford v. State,* 24 Tex.App. 489, 6 S.W. 537 (1887), explained the term "criminal transaction" thusly: "A criminal transaction has been defined to be an act, or series of acts, proceeding from one wrongful impulse of the will, of such nature that one or more of them will be indictable." The Court of Appeals, in a case with strikingly similar facts to the case at bar, restated the definition: "A criminal transaction has been defined as an act, or a series of acts, arising from a single criminal impulse." *Whitworth v. State,* 624 S.W.2d 767 (Tex.App.—Houston [14th Dist.] 1981, no writ). Moreover, what is pivotal in this legal debate on the meaning of "same transaction" is the fact that the term has been interpreted in degrees of time, offense element completion, and logical, integral connections between specific actions. In *Whitworth, id.,* we see these factors. Therein the Court held:

> In the context of these distinctions pertinent to criminal procedure, the offense of running a stop sign and the offense of possession of a controlled substance did not arise out of the same transaction within the meaning of Article 28.061. Therefore, we hold that the trial court did not err in failing to dismiss the possession charge.

In the present case, it is clear that the offense of public intoxication and the offense of possession of a controlled substance were not from the same transaction. The facts are that appellant had completed the offense of possession of cocaine the moment he had physical possession of the substance, and that it was not until moments later (after he had run from the vehicle and thrown the sack of cocaine over the fence) that he was arrested by Deputy Sheriff Ervin, on Ervin's new conclusion that appellant had committed the offense of public intoxication. Specifically, appellant had completed one crime before he committed or concurrently committed the other crime.

The two actions, though occurring at the same general time and place, constituted separate offenses and separate issues of law. They were not of the same transaction, and the trial court, therefore, did not err in failing to dismiss the possession charge.

Appellant's ground of error is overruled and the conviction is affirmed.