**Ex parte Dan CARDEN.**

**No. 07–86–0029–CR.**

Court of Appeals of Texas, Amarillo.

April 15, 1986.

---

Alex Vasquez, Amarillo, for appellant.

Bill Baumann, Co. Atty., Randall Sims, Asst. Co. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Appellant Dan Carden appeals from the judgment of the trial court denying his application for writ of habeas corpus. The writ was sought to prevent appellant's being placed in jeopardy by trial of the pending prosecution of him for the offense of driving while intoxicated after his conviction for the offense of evading arrest, both of which grew out of a single transaction. There being no bar to prosecution of the pending charge, the judgment will be affirmed.

Following a police chase, appellant was arrested on 14 September 1985 for, and subsequently charged by information with, both evading arrest and driving while intoxicated. Testimony was adduced at appellant's 9 December 1985 evading arrest trial concerning his intoxicated state as he alighted from the automobile he had been driving. Appellant was convicted of the evading arrest offense charged, and his appeal from that judgment of conviction has been docketed and is now pending in this Court under our cause number 07–86–0059–CR.

Hearing of pre-trial matters on, and the trial itself of, the driving while intoxicated case was set by the trial court for 23 January 1986. Among appellant's pre-trial motions was his special plea of double jeopardy, together with his application for writ of habeas corpus grounded on jeopardy, premised upon the State's earlier prosecution of him for the evading arrest charge arising out of the same transaction and its proof in the trial thereon of every statutory element of the driving while intoxicated charge. After a hearing, the court denied the special plea and the application for writ of habeas corpus; but, upon appellant's giving of notice of appeal from that adjudication, the court postponed the driving while intoxicated trial pending appellate review. In this appeal, appellant argues that he has been effectively tried for both offenses, and that a further prosecution arising from that single occurrence should be precluded.

It is to be noticed that the carving doctrine, which had been variously invoked under poorly defined parameters to condemn multiple prosecutions arising from a continuous act or transaction, has been abandoned. Instead, double jeopardy questions are decided solely according to a strict construction of the federal and state constitutions. *Ex parte McWilliams*, 634 S.W.2d 815, 822–24 (Tex.Cr.App.), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). Thus, where the same transaction constitutes a violation of two distinct statutory provisions, the test applied to determine whether there are two

offenses, or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ Comparing, then, the statutory elements of driving while intoxicated and evading arrest, it is at once apparent that each offense requires proof of facts the other does not. The elements necessary to establish the offense of driving while intoxicated are that (1) the defendant (2) operated a motor vehicle (3) while intoxicated (4) upon a public road, highway, street or alley. Tex.Rev.Civ.Stat.Ann. art. 67011–1(b) (Vernon Supp.1986); *Johnson v. State,* 517 S.W.2d 536, 538 (Tex.Cr.App.1975). Contrastively, the elements necessary to establish the offense of evading arrest are that (1) the defendant (2) intentionally fled (3) from a peace officer (4) with knowledge that he was a peace officer who was (5) attempting to arrest the defendant, and (6) the attempted arrest was lawful. Tex.Penal Code Ann. § 38.04 (Vernon 1974); *Rodriguez v. State,* 578 S.W.2d 419 (Tex.Cr.App.1979).

■ Since there is no identity of facts required to be proven in establishing the two distinct offenses, it follows that there is no double jeopardy bar to appellant's prosecution for driving while intoxicated by reason of the previous prosecution of him for evading arrest. *Blockburger v. United States, supra. See and compare Gehrke v. State,* 507 S.W.2d 550, 551 (Tex.Cr.App. 1974); *Grant v. State,* 505 S.W.2d 279, 281 (Tex.Cr.App.), *cert. denied,* 417 U.S. 968, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). In this connection, it is of no moment that the statutory elements of driving while intoxicated may have been included in the proof offered at trial to establish the offense of evading arrest. *See Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977); *Hughes v. State,* 673 S.W.2d 654, 656 (Tex.App.—Austin 1984), *pet'n ref'd,* 692 S.W.2d 64 (Tex.Cr.App. 1985).

The judgment denying habeas corpus relief is affirmed.