Frank Albert NAQUIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 86 014 CR.

Court of Appeals of Texas, Beaumont.

Feb. 11, 1987.

Don Ervin, Houston, for appellant.

Theresa Nesson, Asst. Co. Atty., Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was charged by information with the offense of driving while under the influence of intoxicating liquor. On October 21, 1985, the Appellant waived a jury trial and entered a plea of guilty. The court assessed punishment at a fine of $400 and 120 days in confinement in the Montgomery County Jail. The imposition of sentence was deferred and Appellant was placed on probation for two years.

Prior to trial, Appellant filed a Motion to Dismiss. A hearing was held on the said motion. At this hearing, the Appellant and State entered into an agreed stipulation. The stipulation reads as follows:

"On December 1, 1984 the Defendant was observed by the arresting officer driving on the wrong side of the road, not passing. The officer suspected him of driving while intoxicated and stopped him. The officer subsequently arrested the Defendant for the offense of Driving on the wrong side of the road and Driving while intoxicated, the instant offense. Prior to trial in the instant case, Defendant plead guilty and was convicted of the above referenced offense, Driving on the wrong side of the road, not passing."

In Appellant's sole ground of error, he contends that the trial court erred in overruling his Motion to Dismiss because the doctrine of collateral estoppel prevails.

Appellant cites two cases, *Blackburn v. Cross,* 510 F.2d 1014 (5th Cir.1975) and *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Appellant admits that the two cited cases are not factually on point with the case at bar, but the Appellant goes on to state that the *Blackburn* case cites a prior case expanding the doctrine of collateral estoppel to prohibit relitigation of evidentiary facts as well as ultimate facts. This prior case, *Wingate v. Wainwright,* 464 F.2d 209 (5th Cir.1972), cites as its authority *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1969). In *Wingate, supra,* the court held, in effect, that the State is barred from a subsequent prosecution, the maintenance of which depends upon the successful relitigation of a fact issue which had been previously determined adversely to the State in an earlier acquittal. In *Ashe,* the United States Supreme Court, in a lengthy discussion of collateral estoppel, defined the concept to mean "simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." The application of the doctrine of collateral estoppel in Texas has been limited to situations where the prior final judgment resulted in an acquittal, *Ashe v. Swenson, supra; Jones v. State,* 514 S.W.2d 255 (Tex.Crim.App.1974), or where there are two trials on an identical issue. *See Meeks v. State,* 653 S.W.2d 6 (Tex. Crim.App.1983). The present case presents neither situation.

In the instant case there are two convictions. Appellant was first convicted

for the traffic violation of driving on the wrong side of the street to which he pleaded guilty. The plea was taken as true. Next, Appellant was convicted for driving while intoxicated, to which he pleaded guilty, also taken as true. In the instant situation, each offense required a separate issue to be determined. We think if each offense requires a different fact to sustain a conviction therein; then, if some of the facts are overlapping, collateral estoppel does not apply. In the instant case, it is not necessary to go into the detailed facts since there are two convictions and the doctrine of collateral estoppel does not apply.

■ Next, Appellant argues that *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) controls the instant case even though the *Brown* case was decided on the doctrine of double jeopardy rather than collateral estoppel. Collateral estoppel is an element of double jeopardy. *See Ashe v. Swenson, supra.*

The sole question in *Brown* was whether or not two offenses committed on different dates were sufficiently connected to be considered the same transaction for the purpose of barring successive prosecutions. In *Brown,* the defendant was charged and convicted of the offenses of joy riding and theft of car. The same car was involved in both offenses. The court held that two offenses (the joy riding and the theft of car) were, in fact, the same offense.

The test to determine whether or not two offenses are sufficiently distinguishable so as to permit the imposition of cumulative punishment was stated in *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . "

To determine whether each offense is distinctly different we must look to the statutes and be governed thereby. The statutory provision for driving on the wrong side of the street is *TEX.REV.CIV.*

*STAT.ANN. art. 6701d, sections 52 and 60* (Vernon 1977). The statutory provision for driving while intoxicated is *TEX.REV.CIV. STAT.ANN. art. 6701l–1(b)* (Vernon Supp. 1987) entitled "Intoxicated driver". In each of the offenses, a distinct proof of a different, ultimate fact must be established in order to sustain convictions under each offense. For a conviction under *sections 52 and 60,* a person would have to be driving on the wrong side of the road and not for the purpose of passing another vehicle. The Appellant, through the agreed stipulation, has admitted that he was driving on the wrong side of the road, and he was not passing. Thus, the offense of driving on the wrong side was shown. As for the offense of driving while intoxicated, it is only required that the driver be intoxicated while operating or driving a motor vehicle in a public place. Appellant admitted that he was intoxicated and that he was driving the motor vehicle in a public place when the arresting officer stopped and arrested him.

■ The test to determine whether two offenses are separate and distinct only requires that each offense have an ultimate fact which the other does not. *See Ex Parte McWilliams,* 634 S.W.2d 815 (Tex. Crim.App.1980). The Texas Court of Criminal Appeals has clearly held that offenses of driving on the wrong side of the street and driving while intoxicated are not identical offenses. Rather, they are separate and distinct, even though arising out of the same transaction. *See McMillian v. State,* 468 S.W.2d 444 (Tex.Crim.App.1971) and *Gehrke v. State,* 507 S.W.2d 550 (Tex.Crim. App.1974). We follow the Court of Criminal Appeals in holding that the two offenses here are separate and distinct.

We hold that the doctrine of collateral estoppel and the doctrine of double jeopardy are not applicable. The Appellant's ground of error is overruled. The trial court's judgment is affirmed.

AFFIRMED.