**Sylvester Ted BURNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–002–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 12, 1989.

Rehearing Denied Feb. 23, 1989.

George O. Jacobs, Houston, for appellant.

Carlos Valdez, County Atty., Corpus Christi, for appellee.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, Sylvester Burns, appeals from the judgment of the trial court denying his application for writ of habeas corpus. Appellant applied for a pre-trial writ based upon a claim of double jeopardy to prevent a trial for the offense of resisting arrest. After reviewing the record, we affirm the judgment of the trial court.

In his written application to the Court, appellant claimed he had previously been tried and acquitted by a jury for the offense of driving while intoxicated which arose out of the same incident as the resisting arrest charge. Appellant alleged that a subsequent prosecution for resisting arrest was barred by double jeopardy because (1) it was a lesser included offense of driving while intoxicated and (2) the two offenses arose out of the same transaction. Appellant, however, failed to attach the charging instrument, the jury charge, the judgment, or the statement of facts of the former prosecution to his application.

A pre-trial hearing was held on the matter during which appellant testified that on May 10, 1986, he was arrested and charged for driving while intoxicated and resisting arrest. According to appellant, the charges for both offenses arose out of a single transaction. Appellant further testified that on November 4, 1986, he was tried before a jury and found not guilty of the driving while intoxicated offense. Appellant told the court that, during the trial, the arresting officer testified about the facts and circumstances surrounding the charge for resisting arrest. Appellant admitted that he was not tried for resisting arrest, and that he did not "think" there was anything in the jury charge concerning resisting arrest. However, appellant did not introduce the record of the former prosecution. After hearing evidence on the matter, the court denied appellant's application for relief.

On appeal, appellant asserts the trial court was in error since both the offenses arose out of one transaction, and a subsequent prosecution would require reintroduction of the same evidence, and relitigation of issues already resolved by the first trial.

It is well established that the constitutional prohibition of double jeopardy protects against a subsequent prosecution for "the same offense." *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Crim.App.1987). It is likewise confirmed that the accused has the burden to prove a jeopardy violation. *Wockenfuss v. State*, 521 S.W.2d 630, 631 (Tex.Crim.App.1975); *Guzman v. State*, 732 S.W.2d 683, 686 (Tex.App.—Corpus Christi 1987, no pet.).

The test for determining whether two or more offenses are the same for double jeopardy purposes is whether each offense requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). However, the *Blockburger* test is not the only standard for determining whether successive prosecutions involve the same offense. *See Illinois v. Vitale*, 447 U.S. 410, 420, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 164, 97 S.Ct. 2221, 2224, 53 L.Ed.2d 187 (1977). Even if two offenses are sufficiently different, successive prosecutions will be barred where the second prosecution requires the relitigation of factual issues already resolved. *May v.*

*State,* 726 S.W.2d 573, 576–77 (Tex.Crim. App.1987); *January v. State,* 695 S.W.2d 215, 221 (Tex.App.—Corpus Christi 1985), *affirmed,* 732 S.W.2d 632 (Tex.Crim.App. 1987).

Under the *Blockburger* test, a proper analysis of the issue demands an examination of the statutes and the respective charging instruments. *See Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *May,* 726 S.W.2d at 576. Since appellant did not bring forward the charging instrument or the indictment from the previous trial, our review is limited to the examination of the statutes.

Under Tex.Penal Code Ann. § 38.03 (Vernon 1974), a person commits an offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest by using force against the peace officer. A person commits the offense of driving while intoxicated if he or she is intoxicated while driving or operating a motor vehicle in a public place. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (Vernon Supp.1988).

From a comparison of the two statutes, it is obvious that they have entirely different elements requiring fundamentally different proof. Clearly, resisting arrest and driving while intoxicated are separate and distinct offenses under the *Blockburger* test since each offense may require proof of a fact that the other does not.

Appellant, citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), contends the double jeopardy clause prohibits the trial for resisting arrest because an issue necessary for conviction has been determined adversely to the prosecution in the former proceeding. In *Ashe,* the United States Supreme Court held "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in a future lawsuit." *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194. A court must decide what facts were necessarily determined in the first suit and if the State will relitigate facts necessarily established against it in the first trial. *De-*drick *v. State,* 623 S.W.2d 332, 336 (Tex. Crim.App.1981).

A court is required to re-examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matters. *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194. Since the appellant neither introduced the record of the prior proceeding at the hearing on his application nor included such record in his transcript on appeal, our review is limited to appellant's testimony. Additionally, we note that appellant's brief does not articulate what issue necessary for conviction has been adversely determined at the first trial.

The testimony of appellant does not establish that an issue necessary for conviction has been determined in the former proceeding. To the contrary, appellant admitted that he was not tried for resisting arrest and that the jury charge did not contain anything concerning the resisting arrest charge. There was no showing that the evidence introduced in the former trial would necessarily have required the jury to have adversely determined an issue necessary for a conviction of the resisting arrest charge. Likewise, the mere fact that "some of the facts and circumstances" of resisting arrest may have been testified to at the previous trial, will not preclude the introduction of the same testimony in the subsequent trial. *See Ex parte Carden,* 711 S.W.2d 673, 675 (Tex.App.—Amarillo 1986, no pet.). Appellant has failed to show a violation of his rights under the double jeopardy provisions of either the United States or Texas Constitutions.

We find in the instant case that the prosecution for driving while intoxicated does not bar a subsequent prosecution for resisting arrest. Accordingly, we overrule appellant's point of error and affirm the judgment of the trial court denying habeas corpus relief.