**John Leon LONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–068–CR.**

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1989.

Philip W. Swisher, Conroe, for appellant.

David Bluestein, Conroe, for State.

OPINION

BURGESS, Justice.

This is an appeal from the denial of a writ of habeas corpus. Appellant filed the application alleging a plea of former conviction and/or double jeopardy.

Appellant was arrested on July 2, 1988, for driving while license suspended (DWLS) and driving while intoxicated (DWI). On July 6, 1988, he pleaded guilty to the DWLS charge. On October 6, 1988, he was indicted for DWI with allegations of prior convictions. Appellant is the same individual involved in both prosecutions and both occurred at the same time. Thus, appellant claims the second prosecution is barred. We disagree.

This case is the converse of *Rakestraw v. State*, 765 S.W.2d 873 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). In *Rakestraw*, the defendant pleaded guilty to DWI and then sought to bar the state from prosecuting him for DWLS. The Fourteenth Court of Appeals concluded that while both offenses had a common element of driving on a public highway, the other elements were sufficiently distinguishable. In *Naquin v. State*, 725 S.W.2d 447 (Tex. App.—Beaumont 1987, no pet.), this court held that a conviction for driving on the wrong side of the road did not bar a prosecution for DWI. *See also Gehrke v. State*, 507 S.W.2d 550 (Tex.Crim.App.1974), where a conviction for failure to keep a vehicle in

a marked lane did not bar a subsequent prosecution for DWI. Appellant presents no precedent to convince us to deviate from the above line of cases. The trial court's denial of the writ of habeas corpus is affirmed.

AFFIRMED.