COURT OF APPEALS









 

COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-04-00308-CR

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

EX PARTE:  CLEMENTINO LOPEZ                  )                409th District Court

                                                                              )

                                                                              )           
of El Paso County, Texas

                                                                              )

                                                                              )              
(TC# 20040D03026)

                                                                              )

 

O
P I N I O N

 

Appellant
Clementino Lopez appeals the trial court=s
denial of his application for writ of habeas corpus.  On September 3, 2004, Appellant filed the
application for writ of habeas corpus, in which he claimed that the indictment
in this case for evading arrest violates his guarantee against double jeopardy
under the United States and Texas constitutions because he had pleaded guilty
to driving while intoxicated in cause number 20040C06804, which arose out of
the same incident.  In his sole issue,
Appellant argues that the trial court erred in denying relief because double
jeopardy precludes the instant prosecution. 
We affirm.








At the habeas corpus
hearing, Appellant testified that on February 19, 2004, he was arrested for
evading arrest and for driving while intoxicated.  Appellant pleaded guilty to the driving while
intoxicated charge and was sentenced to 15 months probation.  Appellant argued that the charges for both
offenses arose out of the same incident, and for double jeopardy purposes, the
driving while intoxicated offense was within the same unit of prosecution as
the evading arrest offense.  The trial
court denied Appellant=s
application.  Appellant now brings this
appeal and presents argument similar to that which was argued at the hearing.

Standard
of Review

We generally
review a trial court=s
decision to grant or deny relief on a writ of habeas corpus under an abuse of
discretion standard.  Jaime v. State,
81 S.W.3d 920, 924 (Tex.App.--El Paso 2002, pet. ref=d). 
Under this standard, the reviewing court accords great deference to the
trial court=s
findings and conclusions and views the evidence in a light most favorable to
the ruling.  Id., citing Ex
parte Pipkin, 935 S.W.2d 213, 215 (Tex.App.--Amarillo 1996, pet. ref=d). 
This same standard applies with respect to a trial court=s ruling on a habeas corpus application
based upon a double jeopardy claim.  Ex
parte Peralta, 87 S.W.3d 642, 645 (Tex.App.--San Antonio 2002, no pet.). 

Double
Jeopardy Claim

On appeal,
Appellant argues that the offenses of evading arrest and driving while
intoxicated in this case are sufficiently similar units of prosecution that his
plea of guilty to the driving while intoxicated offense precludes prosecution
for the evading arrest charge. 
Therefore, he asserts that his constitutional double jeopardy protection
bars the instant subsequent prosecution for evading arrest.  








The double
jeopardy clause of the Fifth Amendment to the United States Constitution
provides that no person shall Abe
subject for the same offense to be twice put in jeopardy of life or limb.@ 
See U.S. Const. amend.
V.  This constitutional provision is
applicable to the states through the Fourteenth Amendment.  See, e.g., Brown v. Ohio, 432
U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).  In Blockburger v. United States, the
Supreme Court held that where the same conduct violates two distinct penal
provisions, the test to determine whether the two offenses are the same is
whether each provision requires proof of a fact that the other does not.  Blockburger v. United States, 284 U.S.
299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).








Applying the Blockburger
test, we conclude that the state jail felony offense of evading arrest, with
which Appellant is charged in this case, and the offense of driving while
intoxicated, of which Appellant has been convicted, each require a proof of
fact that the other does not.  The
statutory elements of driving while intoxicated are that the defendant was
intoxicated while operating a motor vehicle in a public place.  See Tex.Pen.Code
Ann. '
49.04(a)(Vernon 2003).  The statutory
elements of evading arrest are that the defendant intentionally fled from a
person he knows is a peace officer attempting lawfully to arrest or detain him.  See Tex.Pen.Code
Ann. ' 38.04(a)(Vernon
2003).  Evading arrest is a state jail
felony offense if the actor uses a vehicle while the actor is in flight.  See id. at '
38.04(b)(1).  Each of the offenses
require proof of facts that the other does not, and thus, they are not the same
offense under Blockburger. 
Consequently, there is no double jeopardy bar to Appellant=s prosecution for evading arrest as a
result of his previous conviction for driving while intoxicated arising out of
the same incident.  See Ex parte
Carden, 711 S.W.2d 673, 675 (Tex.App.--Amarillo 1986, no pet.)(driving
while intoxicated and evading arrest are two distinct offenses, such that there
was no double jeopardy bar to appellant=s
prosecution for driving while intoxicated by reason of his previous prosecution
for evading arrest).  We conclude the
trial court did not abuse its discretion in denying habeas corpus relief.  Appellant=s
sole issue is overruled

We affirm the
trial court=s order.

 

July
7, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)